1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

9    DEREK CHRISTENSEN,

             *Petitioner*,                         3:14-cv-00157-RCJ-VPC

10

11   vs.                                           ORDER

12   ISIDRO BACA, *et al.,*

             *Respondents.*

13
14

15       This habeas action comes before the Court for initial review of the petition under Rule

16   4 of the Rules Governing Section 2254 Cases (the "Habeas Rules").  The filing fee has been

17   paid.

18       Habeas pleading is not notice pleading, and a habeas petitioner must state the specific

19   facts that allegedly entitle him to habeas relief.  *See Mayle v. Felix*, 545 U.S. 644, 655-56

20   (2005).  The habeas pleading rules require more than "mere conclusions of law, unsupported

21   by any facts."  *Mayle*, 545 U.S. at 655.  A habeas petitioner instead must "state facts that

22   point to a real possibility of constitutional error."  *Id.*

23       Just as a pleading can say too little, a pleading also can say too much and/or with

24   insufficient clarity.  As the Ninth Circuit has observed in an analogous context, there is no

25   authority supporting the proposition that a pleading may be of unlimited length or opacity.

26   *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  Prolix and confusing filings impose

27   unfair burdens on litigants and judges, as such filings make it difficult to identify and

28   appropriately address claims.  *Id.*

Moreover, Instruction No. (C)(6) for the Court's required habeas petition form states, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER GROUND." A petitioner therefore may not combine multiple constitutional violations in a single ground. A petitioner in particular may not combine a claim of trial court error in the same ground with a claim of ineffective assistance of counsel, even if there are factual allegations common to both claims. If factual allegations support more than one ground, petitioner may adopt and incorporate factual allegations from one ground in another ground.

In the present case, petitioner's pleading is not overly long and prolix overall. The pleading is not sufficiently clear, however, with regard to clearly distinguishing between grounds based upon alleged trial court error, grounds based upon alleged ineffective assistance of trial counsel, and any grounds based upon alleged ineffective assistance of appellate counsel. Petitioner may not combine such claims within a single ground. Petitioner must assert such claims in separate grounds so that the Court and respondents will be able to clearly identify and appropriately address the claims, which, *inter alia*, potentially are subject to different procedural rules and defenses.

If petitioner again combines multiple violations within a single ground in an amended petition, the Court will disregard all alleged constitutional violations after the first constitutional violation alleged, for failure to comply with the instructions for the form and the Court's order.

IT THEREFORE IS ORDERED that the Clerk shall file the petition and accompanying motion for appointment of counsel, with the Court deferring action on the latter motion at this time.

IT FURTHER IS ORDERED that petitioner shall clearly title any amended petition filed in response to this order as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **3:14-cv-00157-RCJ-VPC** above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended

petition will be the only matters remaining before the Court.  Any claims or allegations that are not re-alleged therein no longer will be before the Court.

If petitioner does not timely file an amended petition, a final judgment dismissing this action will be entered without further advance notice for failure to comply with the local rules and order of the Court.  If the amended petition does not correct the deficiencies identified in this order and/or otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.  Moreover, if petitioner again combines multiple constitutional claims in a single ground, all constitutional claims after the first claim alleged in the ground will be disregarded.

The Clerk of Court shall SEND petitioner four copies of a noncapital § 2254 petition form together with one copy of the instructions for same and a copy of the petition that he submitted.

DATED:  August 26, 2014.

_____
ROBERT C. JONES
United States District Judge

-3-