# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEREK CHRISTENSEN,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

3:14-cv-00157-RCJ-VPC

**ORDER**

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is Respondents' Motion to Dismiss (ECF No. 13). For the reasons given herein, the Court grants the motion in part and denies it in part.

**I.    PROCEDURAL HISTORY**

    On June 4, 2008, Petitioner Derek Christensen pled guilty to two counts of lewdness with a child under the age of fourteen. (*See* Ex. 5, ECF No. 14-5).[1] On August 20, 2008, the state district court sentenced Petitioner to two consecutive terms of life with the possibility of parole after ten years. (*See* Exs. 10, 11). The court entered the judgment of conviction that day. (*See* Ex. 11). On August 5, 2009, the Nevada Supreme Court affirmed the convictions, and remittitur issued on September 1, 2009. (*See* Exs. 24, 25).

---

[1] All exhibits referred to herein are those to the present motion to dismiss and are found at ECF Nos. 14–16.

On January 26, 2012, Petitioner filed a motion for modification of harsh sentence, requesting that the court modify his sentence to 12–30 months, which was the term Parole and Probation had recommended. (*See* Ex. 16). On February 24, 2012, the state district court denied the motion. (*See* Ex. 17).

On March 30, 2010, Petitioner filed a motion to withdraw guilty plea or state habeas corpus petition in state district court; he supplemented the petition on March 17, 2010. (*See* Exs. 26, 27, 39). The state district court granted the State's motion to dismiss the petition and supplemental petition on August 1, 2011. (*See* Ex. 49). On June 13, 2012, the Nevada Supreme Court affirmed in part and reversed in part, remanding the matter for an evidentiary hearing on one ground. (*See* Ex. 66). The remittitur issued on July 10, 2012. (*See* Ex. 67). On January 4, 2013, after an evidentiary hearing, the state district court again dismissed the petition and supplemental petition. (*See* Ex. 70). The Nevada Supreme Court affirmed on January 16, 2014, and the remittitur issued on February 19, 2014. (*See* Exs. 82, 83).

On October 12, 2012, while his state habeas corpus petition was pending in the state disctrict court on remand, Petitioner filed a federal habeas corpus petition in Case No. 3:12-cv-477. The Court dismissed the petition as wholly unexhausted. Petitioner filed the present Petition on or about March 21, 2014. (*See* Pet., ECF No. 7). Petitioner filed the Amended Petition ("AP") on September 8, 2014. (*See* Am. Pet., ECF No. 9). Respondents have moved to dismiss four grounds in the AP based on non-exhaustion.

## II.     LEGAL STANDARDS

A federal court will not grant a state prisoner's petition for habeas corpus relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir.

1981). A habeas corpus petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). The state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan,* 513 U.S. at 365; see *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose,* 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that analyzes the federal constitutional issue will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his claim is based. *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### III.  ANALYSIS

#### A.  Grounds 1 and 2

In Ground 1, Petitioner argues that the impact statement of the victim's mother violated his Fifth and Fourteenth Amendment due process rights. Respondents argue that when Petitioner raised this claim in his direct appeal, he did not raise them as federal constitutional violations and that they are therefore unexhausted.

On direct appeal, Petitioner argued that "THE VICTIM IMPACT STATEMENT MADE BY

1  THE VICTIM'S MOTHER MS. RISTER VIOLATED DEREK CHRISTENSEN'S DUE
2  PROCESS RIGHTS." (Op. Brief 6, Ex. 21).  Petitioner did not argue that any such statement is
3  necessarily in violation of due process but that Ms. Rister's statement was in violation of his due
4  process rights in the present case because her statement concerning rumors that he had been
5  involved in inappropriate contact with another young girl was neither sworn nor subject to cross-
6  examination, and the State did not put Petitioner or his counsel on notice of the substance of what
7  the statement would include. (*See id.* at 6–7).  Petitioner cited to Nevada Supreme Court cases
8  *Buschauer v. State*, 804 P.2d 1046 (Nev. 1990) and *Sullivan v. State*, 990 P.2d 1258 (Nev. 1999), as
9  well as to *Booth v. Maryland*, 482 U.S. 496 (1987). (*See id.*).  In *Buschauer*, the Nevada Supreme
10 Court imposed the due process requirements that Petitioner claims were not followed here. *See* 804
11 P.2d at 894.  In imposing those requirements, the *Buschauer* Court addressed the Supreme Court's
12 holding in *Booth* in support that "use of an impact statement in capital cases is unconstitutional.  In
13 discussing impact statements, the *Booth* Court indicated that the defendant must be given the
14 opportunity to rebut the impact statement and stated that the defendant '[p]resumably would have
15 the right to cross-examine the declarants.'" *Id*. at 1048 (quoting *Booth v. Maryland*, 482 U.S. 496,
16 506-507 (1987) (overruled by *Payne v. Tennessee*, 501 U.S. 808 (1991)).  Regardless of whether
17 Ground 1 has merit, then, Petitioner has exhausted it in the state courts by giving them the
18 opportunity to review his claim that Ms. Rister's statement violated federal due process standards.
19 Respondents are correct that the focus in *Booth* was on an Eighth, not a Fourteenth, Amendment
20 question.  However, the Nevada Supreme Court's discussion in *Buschauer* quoted above implicates
21 federal due process considerations related to victim impact statements.  Thus, Petitioner's citation to
22 *Buschauer* in his direct appeal sufficiently apprised the Nevada Supreme Court of the of the federal
23 nature of his claims regarding Ms. Rister's impact statement.  Accordingly, Ground 1 is exhausted.
24        **B.      Ground 2**
25        In Ground 2, petitioner argues that the impact statement that the victim's mother gave
26 violated those rights.  On direct appeal, Petitioner argued that "THE VICTIM IMPACT
27 STATEMENT MADE BY THE VICTIM L. RISTER VIOLATED MR. CHRISTENSEN'S DUE
28 PROCESS RIGHTS." (Op. Brief 7).  As to this claim, Petitioner cited to page 894 of *Buschauer* and

argued that the failure to swear the victim prior to her impact statement was a due process violation. Petitioner's citation in his direct appeal to the portion of *Buschauer* that relied in *Booth* sufficiently apprised the Nevada Supreme Court of the of the federal nature of his claims regarding L. Rister's impact statement. Accordingly, Ground 2 is exhausted.

### B.   Ground 3

In Ground 3, Petitioner argues that his guilty plea was defective in violation of his Fifth and Fourteenth Amendment due process rights. As Respondents point out, this ground is duplicative of part of Ground 5, and the Court will dismiss it on that basis.

### C.   Ground 4

In Ground 4, Petitioner argues the state district court relied on improper evidence at the time of sentencing in violation of his Fifth and Fourteenth Amendment due process rights. Respondents argue that Petitioner raised this claim on direct appeal but did not base it on a federal constitutional right nor cite a federal case to support the claim. Petitioner raised the claim on pages 9–11 of the opening brief in his direct appeal. In his brief, Petitioner cited to Nevada Supreme Court cases *Denson v. State*, 915 P.2d 284 (Nev. 1996), *Silks v. State*, 545 P.2d 1159 (Nev. 1976), and *Norwood v. State*, 915 P.2d 277 (Nev. 1996). The *Denson* Court, in addition to citing to its own precedents on the question, also cited to the Supreme Court's decision in *Williams v. People of State of N.Y.*, 337 U.S. 241 (1949) for the purposes of noting the federal due process implications of the practice of considering prior uncharged crimes at sentencing. *Denson*, 915 P.2d at 287. Although Petitioner did not identify the federal caselaw himself, citation to state caselaw that applies federal constitutional principles is enough. *See Peterson*, 319 F.3d at 1158. Petitioner's citation to *Denson* in his direct appeal sufficiently apprised the Nevada Supreme Court of the of the federal nature of his claim. Accordingly, Ground 4 is exhausted.

///
///
///
///
///

# CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is GRANTED in part and DENIED in part, as follows:

1. Grounds 1, 2, and 4 are EXHAUSTED.
2. Ground 3 is DISMISSED as duplicative of part of Ground 5.

IT IS FURTHER ORDERED that Motion for Leave to File Exhibits in Camera and Under Seal (ECF No. 17) is GRANTED.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date this order is entered to file an answer to Petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the Petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days following service of Respondents' answer in which to file a reply.

IT IS SO ORDERED.

Dated this 14th day of September, 2015.

_____
ROBERT C. JONES
United States District Judge